EDWARD J. CORNISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34059. Promulgated February 28, 1931.

*Frank S. Bright, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

476

OPINION.

Love: We sustain the Commissioner in the disallowance of this deduction.

Petitioner contends that the destruction by him of his sister's note in his favor, and her return to him of the stock purchased from him in 1922, is equivalent to a rescission of the sale of such stock fully executed in that year. We are not of that opinion for the reason, among several others, that the transaction of 1924 did not operate to restore the *status quo ante* of the sale in 1922, the stock in the meantime, having fallen from what was regarded by both parties as a fair market value of $7,500, to worthlessness in 1923. Nor are we inclined to concur. in petitioner's conviction that recovery could not, under the circumstances, be had upon his sister's note. According to his own testimony, she was abundantly able to pay the note, and as president of the corporation she is to be presumed to have been at least as fully informed as to its financial condition as was he who does not appear to have been anything more than a stockholder therein, and a creditor. Even though we were of the opinion that the sale in 1922 was rescinded by the 1924 transaction, petitioner would not benefit thereby. In *Harry H. DeLoss*, 6 B. T. A. 784; affd., 28 Fed. (2d) 803; certiorari denied, 49 S. Ct. 657, it was held "that if the proof shows stock became worthless in a given year, the deduction must be taken for that year and may not be taken for any other years." See also *Leigh Carroll*, 20 B. T. A. 1029. The worthlessness of the stock here in question was established in 1923, and if there was at any time a deductible loss, it was deductible in that year, but petitioner did not then own the stock.

We are of the opinion that the 1924 transaction constituted a resale of the stock from Mrs. Metcalf to petitioner, and that there was no deductible loss in any year resulting from that purchase and sale.

The Revenue Act of 1924 provides, in section 214, for deductions allowed individuals. It is not necessary to quote the provisions of this section of the statute *in extenso*, but there are three paragraphs providing in terms for deductible losses and a fourth providing for the deduction of worthless debts.

Petitioner does not claim that this note was worthless; to the contrary, he asserts that his sister was abundantly able to pay it, and we

are of the opinion that she had no valid defense against it. Thus his loss on that ground is excluded. He can not claim it as a loss sustained during the taxable year incurred in trade or business. It is not a loss arising from fires, storms, shipwreck, or other casualty, and just as certainly, it is not a loss sustained during the taxable year incurred in any transaction entered into for profit.

Petitioner knew when he surrendered (or destroyed) his sister's valid note in exchange for the stock which he had sold to her two years previously, that there was no possible profit for him in the transaction, for he knew and had known for a year or more prior to his purchase, that the stock which he was then buying back from her was worthless.

No losses of a character other than those to which we have referred above are provided for in the statute as allowable deductions from gross income, and, therefore, we must hold that this transaction in 1924, to which petitioner was influenced by motives other than profit to himself, did not result in a deductible loss in that, or any other year.

Cf. *Phillips Lee Goldsborough*, 18 B. T. A. 181; affd., 46 Fed. (2d) 432. The *Goldsborough* case is more favorable to the taxpayer than that here decided, the alleged loss in the former cases having been claimed in the year in which the value of the securities declined, and the claim was based upon the petitioner's antecedent promise to make good the loss if it should be sustained.

*Judgment will be entered for the respondent.*